**Janice COLLINS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 03–5976.

United States Court of Appeals, Sixth Circuit.

March 5, 2004.

John H. Morgan, Hyden, KY, for Plaintiff–Appellant.

John S. Osborn, III, John Patrick Grant, Asst. U.S. Attorneys, U.S. Attorney's Office, Lexington, KY, Nancy R. Bartlett, Asst. Reg. Counsel, Dennis R. Williams, Mary Ann Sloan, Jerome Albanese, Doug Wilson, Natalie Jemison, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before: KENNEDY, ROGERS, and COOK, Circuit Judges.

*ORDER*

This is an appeal from a district court judgment affirming a decision to deny an application for Social Security benefits. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Janice Collins applied for Social Security disability benefits based on a combination of physical impairments with an onset date of March 3, 2000. The matter was eventually referred to an administrative law judge ("ALJ") for an evidentiary hearing. The ALJ conducted the hearing and recommended that Collins's application should be denied. This recommendation became

the decision of the Commissioner when the Appeals Council declined review. Collins then took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The district court ultimately affirmed the Commissioner's decision by granting a motion for summary judgment. This appeal followed.

Collins alleges that on March 3, 2000, she became disabled and unable to continue her employment as a material handler and production worker. Collins's claimed disability is a combination of asthma and chronic obstructive pulmonary disease. The ALJ found, and it is not seriously in dispute, that Collins does suffer from a combination of asthma and chronic obstructive pulmonary disease. The central issue to the resolution of this claim is whether Collins's physical limitations prevent her from working in jobs available in sufficient numbers in the national economy.

The ALJ considered the testimony of Collins as well as medical reports and evaluations. The ALJ then posed a hypothetical question to a vocational expert in attendance in an effort to learn of any jobs that were within Collins's residual functional capacity in sufficient numbers in the economy. The expert was asked to assume a hypothetical person of Collins's age, education, and work experience. The hypothetical individual would however, "be restricted from work settings that involved exposure to solvents, chemicals, dust, smoke, fumes, gases, temperature or humidity extremes." The expert opined that, although this individual would be precluded from working at Collins's previous job, there were a significant number of light and sedentary jobs available in the economy.

The ALJ concluded that Collins suffered from a severe impairment and could not return to her previous occupation, but that a significant number of jobs existed in the economy that she could perform. The ALJ therefore found that Collins was not entitled to disability benefits. This finding became the final determination of the Commissioner when the Appeals Council declined review. The district court affirmed this determination after finding that it was supported by substantial evidence. On appeal, Collins's counsel again argues that the Commissioner's decision is not supported by the necessary quantum of evidence.

Upon consideration, we affirm the decision on appeal for the reasons set forth in the district court's memorandum opinion of May 30, 2003.

Accordingly, the district court's judgment is affirmed.